# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVINDER PAL SINGH MATTU,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-06725-JLT-EPG-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his immigration detention on due process grounds.

On September 16, 2026, Respondents filed a motion to dismiss the petition, arguing that Petitioner "is properly detained pending removal proceedings, the immigration court already provided him with a bond hearing, and Petitioner was granted bond. The IJ decision on bond is currently pending before the Board of Immigration Appeals" after the Department of Homeland Security ("DHS") appealed the bond decision. (ECF No. 10 at 1.)

The automatic stay regulation provides:

> In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination (Form EOIR–43) with the immigration court within one business day of the order, and, except as otherwise provided in 8 CFR 1003.6(c), shall remain in abeyance pending decision of the appeal by the Board.

8 C.F.R. § 1003.19(i)(2). This Court has previously addressed the automatic stay regulation,

stating:

> Courts to address this issue have begun by noting that, for due process purposes, invoking the automatic stay "is a separate act of detention" from the initial act of detaining a noncitizen suspected to be in the country illegally. *Silva*, 2025 WL 2770639, at *3. Both the initial act and subsequent act "require valid authority and due process." *Herrera*, 798 F.Supp.3d at 1199. The initial act of detention was authorized by 8 U.S.C. § 1226(a). *See id.* But § 1226(a) detention was no longer authorized once the immigration judge granted petitioner release on bond. *See id.* The government therefore turned to 8 C.F.R. § 1003.19(i)(2) to detain petitioner pending the government's appeal to the BIA. *See id.* As explained below, the Court finds that this act of detention violates procedural due process as applied to petitioner.

Otilio B.F. v. Andrews, 809 F. Supp. 3d 1038, 1053–54 (E.D. Cal. 2025), appeal dismissed sub nom. Barragan Franco v. Andrews, No. 26-617, 2026 WL 1204651 (9th Cir. Feb. 19, 2026).

Additionally, in the petition, Petitioner asserts that the immigration court failed to consider Petitioner's ability to pay in setting bond at $50,000. (ECF No. 1 at 5–6.) Respondents do not address this issue whatsoever in the motion to dismiss.

The Court finds that supplemental briefing on whether the automatic stay regulation as applied to Petitioner violates due process, whether this matter is distinguishable from Otilio B.F, and the immigration court's failure to consider Petitioner's ability to pay in setting bond at $50,000 would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERS that:

1. Within fourteen (14) days of the date of service of this order, Respondents SHALL FILE a supplemental brief addressing the issue set forth above; and
2. Within fourteen (14) days of the date of service of Respondents' supplemental brief, Petitioner MAY FILE a supplemental brief.

IT IS SO ORDERED.

Dated: **September 17, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE